UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LORETTA BLAIR and
RICHARD BLAIR, Plaintiffs,

v. Civil Action No. 3:19-cv-333-DJH-RSE

JOHNSON & JOHNSON and
ETHICON, INC., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Loretta Blair and Richard Blair allege that Loretta Blair was injured by a vaginal mesh implant manufactured by Defendants Johnson & Johnson and Ethicon, Inc. (D.N. 1, PageID # 21) On May 1, 2019, the plaintiffs filed their 18-count complaint in this Court. (*Id.*, PageID # 22-57) Defendants now seek dismissal of all claims against them for insufficient service of process. (D.N. 11, PageID # 107) Alternatively, Defendants move to dismiss several of the counts in the complaint for failure to state a claim. (*Id.*) After careful consideration and for the reasons explained below, Defendants' motion to dismiss will be granted in part and denied in part. The plaintiffs' motion to strike (D.N. 16) will be denied.

### I.

Loretta Blair was implanted with Defendants' "Gynecare TVT bladder sling" on April 19, 2005.[1] (*Id.*, PageID # 21) In their complaint, the plaintiffs allege that "following the implant

---

[1] In their complaint, the plaintiffs state that the defendants "market and sell a product known as TVT, for the treatment of stress urinary incontinence in females." (D.N. 1, PageID # 4) Various products manufactured by the defendants, including TVT, are collectively referred to in the complaint as the defendants' "Pelvic Mesh Products." (*Id.*, PageID # 5) Plaintiffs state in the complaint that the "Pelvic Mesh Products are targeted for women who suffer from pelvic organ prolapse and stress urinary incontinence as a result of the weakening or damage caused to the walls of the vagina." (*Id.*)

1

surgery and over the course of the next 13 years, [Loretta Blair] reported dyspareunia . . . worsening urge incontinence, chronic pelvic pain, decrease in libido, and recurrent urinary tract infections." (*Id.*) On May 8, 2018, "it was determined that Loretta Blair was suffering from exposure of her vaginal mesh, which was causing her complications." (*Id.*) Loretta Blair underwent a revision surgery on May 15, 2018, to transect and remove the Gynecare TVT bladder sling. (*Id.*) The plaintiffs allege that Loretta Blair has continued to suffer from urinary-tract infections, chronic pelvic pain, and dyspareunia since the revision surgery. (*Id.*, PageID # 22)

Plaintiffs previously filed a short-form complaint against Defendants in 2014 as part of multidistrict litigation. Short Form Complaint, *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, D.N. 1, No. 2:14-cv-25373 (S.D. W. Va. Sept. 4, 2014). On August 6, 2018, Plaintiffs' case was dismissed pursuant to an MDL pretrial order allowing certain plaintiffs to dismiss their cases without prejudice to seek medical treatment for their implants. Pretrial Order # 298 at 171,491, *In re Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, D.N. 5744, No. 2:12-md-2327 (S.D. W. Va., May 15, 2018).

On May 1, 2019, the plaintiffs filed their complaint in this Court, asserting claims of negligence; strict liability for manufacturing and design defects, failure to warn, and defective products; common-law fraud; fraud by omission; constructive fraud; negligent misrepresentation; negligent infliction of emotional distress; breaches of express and implied warranties; violations of the Kentucky Consumer Protection Act; gross negligence; unjust enrichment; loss of consortium; punitive damages; and "tolling and discovery rule." (D.N. 1, PageID # 22-57) Defendants filed a motion to dismiss on August 29, 2019, asking the Court to dismiss all of Plaintiffs' claims for ineffective service of process. (D.N. 11, PageID # 107) In the alternative, Defendants ask the Court to dismiss Counts I, II, IV, VI-XIII, and XVII-XVIII of the complaint

for failure to state a claim. (D.N. 11-1, PageID # 111-12) On October 21, 2019, Defendants filed a notice of supplemental authority advising the Court of a recent Eastern District of Kentucky decision. (D.N. 15) Plaintiffs have moved to strike the defendants' notice. (D.N. 16)

**II.**

**A. Motion to Dismiss for Ineffective Service of Process**

Defendants first move to dismiss the complaint due to insufficient service of process. (D.N. 11, PageID # 107) A plaintiff must serve the defendant with a summons and copy of the complaint within 90 days following the filing of the complaint. Fed. R. Civ. P. 4(m). "Should a Plaintiff fail to properly serve [a] [d]efendant within this time, the Court 'must dismiss the action with prejudice' unless the plaintiff shows good cause for the failure.'" *House v. IRS*, No. 5:10-CV-320-JMH, 2011 U.S. Dist. LEXIS 81174, at *3 (E.D. Ky. July 25, 2011) (quoting Fed. R. Civ. P. 4(m)). "Establishing good cause is the responsibility of the party opposing the motion to dismiss . . . and necessitates a demonstration of why service was not made within the time constraints." *Id.* (quoting *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)) (internal quotations and citation omitted).

In this case, after review of the docket indicated that Defendants had not been served within the allotted time period, the Court provided Plaintiffs fourteen days to show cause why the case should not be dismissed pursuant to Rule 4(m). (D.N. 9) Plaintiffs responded within seven days of the show case order, stating that they had emailed the summonses on May 7, 2019—six days after filing the complaint—to Caren Rojas at PM Legal, a process server. (D.N. 10, PageID # 95) Upon receiving the Court's order to show cause, Plaintiffs stated they "immediately followed up on the status of service of process, only to find that PM Legal had failed to initiate service of process at the time requested by Plaintiffs' Counsel." (*Id.*) Plaintiffs' counsel then requested that

service of process be effected immediately. (D.N. 10-3, PageID # 100) Johnson & Johnson was served on August 9, 2019 (D.N. 10-4), and Ethicon was served on August 13, 2019 (D.N. 10-6). Plaintiffs' response further stated that counsel "regret[ted] that it did not follow up on its request to PM Legal" but had not realized the error because it "was accustomed to receiving proofs of service" in order to "trigger" counsel to "diary" subsequent deadlines. (D.N. 10, PageID # 96) Plaintiffs asked the Court to extend the time of service of process on Defendants in order to allow the action to proceed. (*Id.*) Before the Court made its decision as to whether to extend the deadline for service of process, Defendants moved to dismiss. (D.N. 11)

**1. Good Cause**

It is undisputed that Plaintiffs failed to effect service within the time permitted by Rule 4(m). "By its terms, [Rule 4] requires that the Court take either one of two actions if service is not made within [90 days]—either 'dismiss the action without prejudice against that defendant' or 'order that service be made within a specified time.'" *Tomlinson v. Collins*, No. 2:09-cv-0125, 2010 U.S. Dist. LEXIS 40672, at *2 (S.D. Ohio Apr. 26, 2010). "Though Rule 4(m) does not define 'good cause,' the Sixth Circuit has required 'at least excusable neglect.'" *Schmidt v. Jefferson Cnty Bd. of Educ.*, No. 3:13-CV-694-TBR, 2014 U.S. Dist. LEXIS 64265, at *3 (W.D. Ky. May 9, 2014) (citation omitted)). "Neglect exists where the failure to do something occurred because of a simple, faultless omission to act, or because of a party's carelessness." *Id.* (quoting *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005)). "[W]hether a case of neglect was excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at *4 (citation omitted). Relevant considerations include "the danger of prejudice to the [non-moving party], the length of delay and its impact on judicial proceedings, the

reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citation omitted).

The Court finds that there was good cause for the delay in this case. First, there is nothing here to suggest impropriety in the delay in effecting service. *Id.* Plaintiffs have provided evidence that they attempted to serve process in a timely fashion, and simply failed to exercise diligence in ensuring that process was, in fact, served. (*See* D.N. 10; D.N. 10-2; D.N. 10-3; D.N. 10-4; D.N. 10-5; D.N. 10-6) Second, the defendants have now been properly brought into this case and are defending this action. *Schmidt*, 2014 U.S. Dist. LEXIS 64265, at *3. Third, a delay of less than two weeks is not excessive. *See id.* (finding a "delay of roughly five months, while significant" was "not unduly excessive."). Moreover, other courts have noted that good cause exists where, as here, "the plaintiffs['] failure to complete service in timely fashion is a result of a third person, typically the process server." *See McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002); *see also Bates v. Hadden*, No. 3:12-CV-123-CFB, 2013 U.S. Dist. LEXIS 191893, at *7 (S.D. Iowa Sept. 5, 2013) (quoting Wright & Miller, *Federal Practice and Procedure* § 1137 at 342 (3d ed. 2002)).

The Court is satisfied that the plaintiffs' delay in effecting service was the result of excusable neglect. *See Schmidt*, 2014 U.S. Dist. LEXIS 64265, at *4. The Court also recognizes that dismissal would serve little practical purpose and would only further delay the eventual resolution of this matter. *See id.* at *5. In sum, the Court finds that the plaintiffs have shown good cause for their failure to effect service within the prescribed period. *Id.*

2. **Discretion**

Even if the plaintiffs failed to show good cause, the Court would still grant an extension. "The Advisory Committee Notes to the 1993 amendments to Rule 4 interpret [the language of the

rule] to mean that when a plaintiff has shown good cause to extend the time for making service, the Court must grant an extension; on the other hand, when the plaintiff has not shown good cause, the Court still *may* grant an extension if that would represent a sound exercise of the Court's discretion." *Tomlinson*, 2010 U.S. Dist. LEXIS 40672, at *2. In dicta, the Supreme Court has likewise interpreted the amended rule to "permit[] a district court to enlarge the time for service 'even if there is no good cause shown.'" *Warne v. McKesson Corp.*, No. 2:15-113-DCR, 2015 U.S. Dist. LEXIS 100026, at *5 (E.D. Ky. July 31, 2015) (quoting *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996); *Burnett v. Martin*, No. 6: 06-482-DCR, 2007 U.S. Dist. LEXIS 53939 (E.D. Ky. July 24, 2007)). Thus, it is within the Court's discretion to extend the deadline for service of process.

In determining whether to exercise discretion and extend the service-of-process deadline, courts consider the following factors:

> (1) whether a significant extension of time [is] required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Becker v. Wilkinson*, No. 2:05-CV-908, 2006 U.S. Dist. LEXIS 95826, at *10-*11 (S.D. Ohio Aug. 3, 2006) (quoting *Stafford v. Franklin Cty.*, No. 2:04-cv-178, 2005 U.S. Dist. LEXIS 12740, *9-*10 (S.D. Ohio June 28, 2005); *Nehls v. Hillsdale Coll.*, No. 1:03-CV-140, 2004 U.S. Dist. LEXIS 8588, at *15 (W.D. Mich. Feb. 20, 2004); *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000); *Wise v. Dep't of Defense*, 196 F.R.D. 52, 54-57 (S.D. Ohio 1999)).

Several of these equitable factors weigh in favor of granting Plaintiffs a modest extension of time to serve Defendants. As explained above, the Court has already found that only a minor extension of time is required and that the plaintiffs "made an effort, albeit an insufficient one, to

effectuate service." *See Becker*, 2006 U.S. Dist. LEXIS 95826, at *11. Defendants also had actual notice of the lawsuit, as demonstrated by their filing of the motion to dismiss. *See id.* Moreover, the Court is guided by the Sixth Circuit's overall policy of "resolving disputes on their merits," rather than disposing of them on procedural or technical grounds. *Garcia v. McKesson Corp.*, No. 2:15-101-DCR, 2015 U.S. Dist. LEXIS 100023, at *5 (E.D. Ky. July 31, 2015) (quoting *Vergis*, 199 F.R.D. at 218). Thus, the Court would have granted the plaintiffs' request for an extension of the service of process deadline, and the plaintiffs have already properly effectuated service-of-process. (*See* D.N. 10-4; D.N. 10-6) Accordingly, dismissal is not warranted for all the reasons discussed above. The Court will therefore consider the defendants' arguments for dismissal under Rule 12(b)(6).

**B. Motion to Dismiss for Failure to State a Claim**

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the plaintiff has not shown that she is entitled to relief. *Id.* at 679. For purposes of a motion to dismiss, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Id.* (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). A complaint is not

sufficient when it only tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 557).

Defendants seek dismissal of the following claims: the manufacturing-defect claims (Counts I and II); the "strict liability—defective product" claim (Count IV); the fraud-based claims (Counts VI-IX); the negligent-infliction-of-emotional-distress claim (Count X); the warranty claims (Count XI and XII); the Kentucky Consumer Protection Act claim (Count XIII); the punitive-damages claim (Count XVII); and the "discovery rule & tolling" claim (Count XVIII). (D.N. 10, PageID # 118-130) Blair opposes dismissal only as to her fraud-based claims (Counts VI-IX); punitive damages claim (Count XVII); her "discovery rule & tolling" claim (Count XVIII); and a portion of her negligence claim (Count I). (D.N. 13, PageID # 140-46)

1. **Notice of Supplemental Authority**

Before addressing the defendants' motion to dismiss, the Court will first address the plaintiffs' motion to strike. Defendants filed a notice of supplemental authority on October 21, 2019, attaching a memorandum opinion and order issued October 18, 2019, by the U.S. District Court for the Eastern District of Kentucky. (D.N. 15, PageID # 248) Plaintiffs now move to strike the notice pursuant to Fed. R. Civ. P. 12(f) and Local Rule 7.1. (D.N. 16, PageID # 260-61) "Under Rule 12(f), '[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *United States ex rel. Robinson-Hill v. Nurses' Registry & Home Health Corp.*, No. 5:08-145-KKC, 2013 U.S. Dist. LEXIS 38525, at *2-*3 (E.D. Ky. Mar. 20, 2013) (quoting Fed. R. Civ. P. 12(f)). "The Sixth Circuit has held that 'the action of striking a pleading should be sparingly used by the courts' and should be 'resorted to only when required for the purposes of justice' and when 'the pleading to be stricken has no possible relation to the controversy.'" *Id.* (quoting *Brown & Williamson Tobacco Corp. v. United*

*States*, 201 F.2d 819, 822 (6th Cir. 1953)). Plaintiffs' motion to strike will be denied for three reasons.

First, the Court agrees that Rule 7.1's failure to expressly permit or preclude the filing of Notices of Supplemental Authority does not necessarily equate to a presumption that these filings are inadmissible. Moreover, the plaintiffs cite no authority—and the Court is aware of none—to support their position that the Local Rules disallow such notices.

Second, Defendants' notice of supplemental authority is not a pleading. The Federal Rules define a "pleading" as follows:

> a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original third party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served.

*Cooper v. Bower*, No. 5:15-CV-249-TBR, 2018 U.S. Dist. LEXIS 16192, at *4 (W.D. Ky. Jan. 29, 2018) (quoting Fed. R. Civ. P. 7(a)). As the defendants' notice is not a "pleading" within the meaning of the Federal Rules, it is not subject to Rule 12(f). *See Dowell v. Bernhardt*, No. 3:19-cv-105, 2019 U.S. Dist. LEXIS 218303, at *14 (M.D. Tenn. Dec. 19, 2019) (finding that a motion to strike another motion is not proper under Rule 12(f) because a motion is not a pleading).

Finally, even if the notice were considered a pleading, the motion to strike would be denied because the notice is directly related to the controversy before the court, and striking the notice is not required for the purposes of justice. *See Nurses' Registry*, 2013 U.S. Dist. LEXIS 38525, at *2-*3. The Eastern District of Kentucky case provided by Defendants was decided after the parties filed their respective motions. (*See* D.N. 10-1) The defendants were therefore simply providing the Court with relevant authority that was not available at the time they filed their motion to dismiss. The Court would have found and considered the Eastern District case regardless of Defendants' notice of supplemental authority, and "[t]he [C]ourt is capable of reviewing the

9

authorities and assigning them the appropriate weight based on the facts of the case." *Smith v. Stellar Recovery, Inc.*, No. 15-cv-11717, 2017 U.S. Dist. LEXIS 35658, at *23 (E.D. Mich. Feb. 7, 2017). Plaintiffs' motion to strike will therefore be denied.

2. **Claims**

   a. **Negligence**

In Count I of their complaint, the plaintiffs allege that the defendants "breached their duty of care and were negligent . . . in the design, manufacture, labeling, warning, instruction, training, selling, marketing, and distribution of the Pelvic Mesh Products." (D.N. 1, PageID # 22) Defendants only appear to be arguing for the dismissal of the plaintiffs' negligence-based manufacturing-defect claims. (*See* D.N. 11, PageID # 119 ("[N]owhere in the Complaint do Plaintiffs identify a specific manufacturing defect in the TVT that was allegedly implanted in Mrs. Blair.")) Although the plaintiffs argue that the "negligence [claims] for all remaining theories of liability" under Count I "should remain" (D.N. 13, PageID # 140), they concede that their negligence claim for manufacturing defects may be dismissed. (D.N. 13, PageID # 140) Accordingly, the motion to dismiss will be granted as to the manufacturing-defect claim contained in Count I.

   b. **Fraud-Based Claims (Counts VI-IX)**

Defendants argue that the plaintiffs failed to plead their fraud-based claims with the particularity required by Federal Rule of Procedure 9(b). (D.N. 11-1, PageID # 120-21) Specifically, the Defendants argue that the plaintiffs' allegations "are devoid of any factual detail concerning when, where, or how Plaintiffs or their physicians were exposed to fraudulent misrepresentation by Defendants." (D.N. 14, PageID # 180) Defendants contend that the complaint does not identify the person responsible for conveying the alleged statements to the

plaintiffs, nor does it identify the specific content of these statements "beyond the generalized allegation that the device in question was safe and effective for its intended use." (*Id.*) Finally, Defendants argue that to the extent that any of the plaintiffs' fraud-based claims are premised on Defendants' alleged commission of fraud on the Food and Drug Administration, those claims are preempted by federal law. (D.N. 11-1, PageID # 122)

### i. Common Law Fraud, Negligent Misrepresentation, and Constructive Fraud

"Under Kentucky law, a fraud claim requires that a plaintiff establish six elements by clear and convincing evidence: (1) a material misrepresentation, (2) which is false, (3) known to be false or made recklessly, (4) made with inducement to be acted upon, (5) acted in reliance thereon, and (6) causing injury." *Morris v. Tyson Chicken, Inc.*, No. 4:15-cv-77-JHM, 2015 U.S. Dist. LEXIS 153558, at *18 (quoting *Derby City Capital, LLC v. Trinity HR Servs.*, 959 F. Supp. 2d 712, 726 (W.D. Ky. 2013) (citations omitted)). "Kentucky common law fraud, constructive fraud, and negligent misrepresentation claims all require that a defendant make some form of an affirmative material misrepresentation that is relied upon by a plaintiff." *Cutter v. Ethicon, Inc.*, No. 5: 19-443-DCR, 2020 U.S. Dist. LEXIS 4016, at *27 (E.D. Ky. Jan. 9, 2020). "Common law fraud requires, *inter alia*, proof of a defendant's intentional material misrepresentation . . . that was relied upon by a plaintiff." *Id.* (citing *Snowden v. City of Wilmore*, 412 S.W.3d 195, 209 n. 10 (Ky. Ct. App. 2013)). "A constructive fraud claim arises out of a material misrepresentation by a defendant in a fiduciary relationship with the plaintiff." *Id.* (citing *Nash-Finch Co. v. Casey's Foods, Inc.*, 762, F. App'x 218, 224 (6th Cir. 2018)). "Negligent misrepresentation 'requires an affirmative false statement' by a defendant to a relying plaintiff." *Id.* at *28 (quoting *Giddings & Lewis, Inc. v. Indus. Risk Insurers*, 348 S.W.3d 729, 744-46 (Ky. 2011)).

"In order to simply survive a motion to dismiss under Fed. R. Civ. P. 9(b), a party must state with particularity the circumstances constituting fraud or mistake." *Morris*, 2015 U.S. Dist. LEXIS 153558, at *19 (internal quotations omitted). The "plaintiffs must additionally plead '(1) the time, place, and content of any allegedly false representations; (2) the fraudulent scheme; (3) the defendant's fraudulent intent; and (4) the resulting injury.'" *Id.* (quoting *Bosch v. Bayer Healthcare Pharms., Inc.*, 13 F. Supp. 3d 730, 744 (W.D. Ky. 2014)). As explained below, the Court finds that the plaintiffs fail to allege sufficient facts for their common-law fraud, negligent-misrepresentation, and constructive-fraud claims to survive.

First, the complaint fails to identify who made the allegedly fraudulent statements and concealed material information, "beyond the logical inference" that it was the defendants. *House v. Bristol-Myers Squibb Co.*, No. 3:15-CV-894-JHM, 2016 U.S. Dist. LEXIS 180869, at *23-*24 (W.D. Ky. Dec. 29, 2016). Moreover, the plaintiffs failed to specify each defendant's role with respect to the fraud. *See Anderson v. Pine S. Capital*, 177 F. Supp. 2d 591, 596-97 (W.D. Ky. 2001) ("[E]ach defendant's role must be particularized with respect to their alleged involvement in the fraud."). Second, the plaintiffs do not state which specific statements are allegedly fraudulent. The complaint only mentions vague representations that the pelvic mesh products "were not as safe as other products and procedures" and were "more effective than other products and procedures," and alleges that the defendants "concealed and suppressed material information, including limited clinical testing" and "misrepresented the safety and efficacy of the Products." (D.N. 1, PageID # 30-31, 40) This is not enough under Rule 9(b). *See Bristol-Myers*, 2016 U.S. Dist. LEXIS 180869, at *23 (finding that vague representations that the drugs "had been tested and found to be safe and effective for the treatment of diabetes" and "were safer than alternative medications" were insufficient under Rule 9(b)). Third, the plaintiffs' complaint here fails to

specify the time, nature, and place of the alleged misrepresentations, and no fraudulent communication or its source is identified. *See id.* The complaint also does not include where or when the alleged statements were made, beyond highly generalized allegations. *Id.* at *24.

Finally, Plaintiffs' statement that the facts to support their fraud-based claims are found in the discovery responses produced in the MDL litigation (D.N. 13, PageID # 144) is unpersuasive, as Rule 9(b) requires that "the *complaint* must '(1) point to a particular allegedly fraudulent statement; (2) identify who made the statement; (3) plead when and where the statement was made; and (4) explain what made the statement fraudulent.'" *Id.* at *23 (quoting *Republic Bank*, 683 F.3d at 253) (emphasis added). Although it is true that plaintiffs are not required "to recite each minute detail," the complaint still needs to provide enough detail to place "the defendant on sufficient notice of the misrepresentations, allowing the defendants to answer, addressing in an informed way the plaintiffs' claim of fraud." *Morris*, 2015 U.S. Dist. LEXIS 153558, at *18 (quoting *Derby City*, 949 F. Supp. 2d at 726; *St. Martin v. KFC Corp.*, 935 F. Supp. 898, 909 (W.D. Ky. 1996)). Accordingly, the plaintiffs' allegations are insufficient under Rule 9(b) as to their common-law fraud, negligent-misrepresentation, and constructive-fraud claims.

### ii. Fraud by Omission

"Fraud by omission is not the same, at law, as fraud by misrepresentation, and has substantially different elements." *Republic Bank*, 683 F.3d at 254 (quoting *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.*, 113 S.W.3d 636, 641 (Ky. Ct. App. 2003)). Unlike the plaintiffs' other fraud claims, "which hinge[] on an affirmative misstatement, 'a fraud by omission claim is grounded in a duty to disclose.'" *Id.* at 255 (quoting *Giddings*, 348 S.W.3d at 747). "To prevail on such a claim, a plaintiff must prove: (1) the defendant had a duty to disclose the material fact at issue; (2) the defendant failed to disclose the fact; (3) the defendant's failure to disclose the

material fact induced the plaintiff to act; and (4) the plaintiff suffered actual damages as a consequence." *Id.* (internal quotation marks omitted). As with the other fraud-based claims, in order to state a fraud-by-omission claim under Rule 9(b), the plaintiffs must specify "the who, what, when, where, and how" of the alleged omission. *Id.* at 256. Specifically, the plaintiffs must plead "(1) precisely what was omitted; (2) who should have made a representation; (3) the content of the alleged omission and the manner in which the omission was misleading; and (4) what [Defendants] obtained as a consequence of the alleged fraud." *Id.* (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006)).

As before, the plaintiffs fail to allege sufficient facts to support their fraud-by-omission claim. Plaintiffs simply allege that Defendants "knowingly made false claims about the safety and quality of the Defendants' Pelvic Mesh Products" and "fraudulent and affirmatively concealed the defective nature of" the products from the plaintiffs. (D.N. 1, PageID # 37) The plaintiffs do not allege which defendant concealed this information or when the alleged omission occurred. *See Bristol-Myers*, 2016 U.S. Dist. LEXIS 180869, at *25 (finding allegations that the defendants concealed "information about the severity of the substantial risks of using such drugs" and "information which demonstrated that [the drugs] were not safer than alternatives available on the market" insufficient to satisfy Rule 9(b)). Here, as in *Bristol-Myers*, although the plaintiffs' complaint alleges that Defendants committed fraud in unspecified "documents and marketing materials," the complaint fails to identify or cite any particular document or statement. *Id.* at *26. (*See* D.N. 1, PageID # 37-38) Thus, the plaintiffs' fraud-by-omission claim also fails because they discuss the alleged practices "only at a high level of generality." *Id.* (quoting *Republic Bank*, 683 F.3d at 256).

### c. Punitive Damages (Count XVII)

The plaintiffs allege that Defendants "engaged in conduct with malice or willfulness or such an utter and wanton disregard of the rights of others as from which it may be assumed the acts were malicious or willful, entitling Plaintiff to an award of punitive damages pursuant to the Common Law principles and the statutory provisions of Kentucky." (D.N. 1, PageID # 56-57) Defendants are correct, however, that punitive damages are not a separate cause of action. *See Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012) ("[A] claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action."). Thus, the Court will grant the defendants' motion as to Count XVII. This dismissal will not preclude the plaintiffs from recovering punitive damages, however. *See Hume v. Quickway Transp., Inc.*, No. 3:16-cv-78-JHM, 2016 U.S. Dist. LEXIS 77831, at *37 (W.D. Ky. 2016) (dismissing punitive-damages claim to extent it was asserted as a separate cause of action but leaving award of punitive damages for "future determination").

### d. "Tolling and Discovery Rule" (Count XVIII)

The plaintiffs also allege that "[t]he running of the statute of limitations in this case is tolled" and that "Defendants are estopped from asserting a statute of limitations defense." (D.N. 1, PageID # 58) Like Plaintiffs' punitive-damages claim, "'discovery rule and tolling' is not a cause of action. Instead, these are theories under which statutes of limitations may be extended." *Petrey v. Ethicon, Inc.*, No. 5:19-298-DCR, 2019 U.S. Dist. LEXIS 180314, at *9 (E.D. Ky. Oct 18, 2019). Plaintiffs are "free to raise these theories as appropriate going forward," but to the extent that their tolling-and-discovery-rule claim "is not an independent claim for relief, it will be dismissed." *Id.*

**III.**

For the reasons discussed above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendants' motion to dismiss (D.N. 11) is **GRANTED** as to Counts I (negligent manufacturing defect), II, IV, VI, VII, VIII, IX, X, XI, XII, XIII, XVII and XVIII. Counts III, V, XIV, XV, XVI, and the negligence claims in Count I as to "design . . . labeling, warning, instruction, training, selling, marketing, and distribution" remain.

(2) Plaintiffs' motion to strike (D.N. 16) is **DENIED**.

(3) This matter is referred to Magistrate Judge Regina S. Edwards for a status conference and all other purposes consistent with the original referral. (*See* D.N. 20)

March 10, 2020

**David J. Hale, Judge**
**United States District Court**